UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**BETTY LOU MOSES**                                        **CIVIL ACTION**

**VERSUS**

**SHRIYA HOSPITALITY, LLC**                        **NO. 16-578-SDD-RLB**

## ORDER

Before the Court is Defendant Shriya Hospitality LLC's ("Shriya") Motion to Compel Plaintiff's Responses to First Supplemental Discovery Requests & Withheld Authorizations (R. Doc. 19) filed on August 15, 2017. Plaintiff has not filed a response within the time allowed by Local Rule 7(f). Accordingly, the Motion is unopposed.

**I.     Background**

Betty Lou Moses ("Plaintiff") commenced this slip-and-fall action on August 31, 2016, naming Shriya as the sole defendant. (R. Doc. 1). Plaintiff subsequently filed a First Amended Complaint adding Liberty Mutual Insurance Europe Limited as an additional defendant. (R. Doc. 14).

Plaintiff alleges that she and her husband, Bruce Moses, both professional musicians in their seventies, stayed at a hotel owned and operated by Shriya on August 5, 2016 while they were on their way to a performance. (R. Doc. 14 at 3). Plaintiff alleges that after settling in their room, she and her husband were walking down a concrete walkway toward the front desk when Plaintiff "slipped in a puddle of moisture and accumulated slime" and "fell hard to the ground." (R. Doc. 14 at 3-4). Plaintiff alleges that as a result of the fall she suffered, among other things, "a severe hip injury" and "required immediate hip replacement surgery, as well as numerous

follow up doctor's and physical therapy visits, and home health care." (R. Doc. 14 at 4). Plaintiff alleges that she has suffered past, present and future debilitating physical and mental pain and mental anguish due to her injuries"; she "has incurred significant past medical expenses, and these expenses will continue into the future"; and she "has suffered a loss of earnings and earning capacity and will continue to suffer such loss in the future." (R. Doc. 14 at 5). Plaintiff seeks to recover $1 million. (R. Doc. 14 at 7).

On April 24, 2017, Shriya propounded Supplemental Interrogatories and Requests for Production of Documents. (R. Doc. 19-4).

On June 2, 2017, Shriya set a discovery conference to take place on June 9, 2017 because it had not received responses to the supplemental discovery requests. (R. Doc. 19-5). At the conference, Shriya agreed to extend the deadline to respond to the supplemental discovery requests to June 12, 2017. (R. Doc. 19-6).

On June 16, 2017, Plaintiff provided responses to the supplemental discovery requests. (R. Doc. 19-9). Later that day, Shriya asserted in an e-mail that Plaintiff's responses were deficient to the extent that Plaintiff would not authorize disclosure of her health information with regard to psychological treatment, sexually transmitted diseases, behavioral or mental health services, and treatment for alcohol and drug abuse. (R. Doc. 19-10).[1]

On June 21, 2017, Shriya asserted in a letter that Plaintiff's responses to Supplemental Interrogatory No. 1 and Supplemental Request for Production Nos. 1, 2, 3, 4, 7, and 8 were deficient. (R. Doc. 19-11). Shriya requested that these deficiencies be addressed by June 27, 2017. (R. Doc. 19-11 at 3).

---

[1] Shriya requested the underlying authorization forms to be executed in its Supplemental Request for Production No. 1. (R. Doc. 19-4 at 4-5). The instant motion does not seek any relief with regard to Request for Production No. 1.

On June 26, 2017, Plaintiff provided supplemental responses to those discovery requests. (R. Doc. 19-12).

On July 25, 2017, Shriya took the depositions of Plaintiff and her husband. (R. Doc. 19-2 at 2; *see* R. Doc. 19-7 at 2). Shriya represents that at her deposition, Plaintiff executed "an MMSEA (Medicare, Medicaid and SCHIP Extension Act of 2007) verification form, a Medicare Records Authorization, an authorization to obtain her prior Federal tax returns, and an authorization to obtain her Social Security records." (R. Doc. 19-2 at 2-3). Shriya further asserts, however, that Plaintiff's counsel did not provide a copy of the tax and social security authorization forms executed by Plaintiff. (R. Doc. 19-2 at 3). Shriya also represents that Plaintiff's counsel did not provide certain forms executed by Plaintiff's husband, a non-party to this action who is represented by Plaintiff's counsel for the limited purpose of the execution of authorization forms. (R. Doc. 19-2 at 3).

On July 31, 2017, Shriya requested Plaintiff to produce copies of the withheld, but executed, authorization forms by August 3, 2017. (R. Doc. 19-13).

Through the instant motion, Shriya seeks "an order compelling plaintiff to fully respond to the supplemental discovery requests at issue . . ., and compelling plaintiff's counsel to immediately produce all fully executed authorizations presently being withheld in the above-captioned matter." (R. Doc. 19-2 at 9).

## II. Law and Analysis

### A. Legal Standards

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at

stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

Rules 33 and 34 provide a party with 30 days after service of the discovery to respond or object. *See* Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A). If a party fails to respond fully to discovery requests made pursuant as to Rules 33 and 34 in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel disclosure and for appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

### B. Absence of a Rule 37(a)(1) Certification

Rule 37(a)(1) of the Federal Rules of Civil Procedure provides that any motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Failure to comply with the meet and confer requirement may constitute sufficient reason to deny a motion to compel. *Shaw Grp. Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014); *see also Forever Green Athletic Fields, Inc. v. Babcock Law Firm, LLC*, No. 11-633, ECF No. 75 (M.D. La. July 3, 2014) (denying motion to compel where defense counsel made a single attempt by email to meet and confer and did not do so in a good faith effort to resolve the dispute without court intervention).

Shriya has not provided a Rule 37(a)(1) certification with the instant Motion. Nevertheless, given the correspondence between the parties, the discovery conferences sought and held,[2] and Plaintiff's failure to respond to the instant motion, the Court will consider the motion on its merits.

### C. The Discovery Requests

#### 1. Interrogatory No. 1

Shriya's Interrogatory No. 1 requests Plaintiff to "identify the location, date(s), and name/nature of any and all engagements, performances, presentations, recitals, or other events at which [Plaintiff was] scheduled to and/or did perform, participate, assist and/or attend in connection with [Plaintiff's] employment, from May 7, 2016 until November 3, 2016." (R. Doc. 19-4 at 2). In her initial response, Plaintiff objected to the interrogatory on the ground that it

---

[2] In its correspondence, Shriya refers to the discovery conferences set and held as "Rule 10.1" discovery conferences. (R. Doc. 19-5). There is no "Rule 10.1" in the Federal Rules of Civil Procedure or the Local Rules of this Court.

seeks irrelevant information and "is overly expansive, vague, and/or ambiguous." (R. Doc. 19-9 at 2). Plaintiff nevertheless produced a copy of Plaintiff's calendar, stating that it "sets forth their itinerary for the time period requested," as well as "screen shots of social media posts" documenting some of the performances and appearances during the requested time frame. (R. Doc. 19-9 at 3). In her supplemental response, Plaintiff asserts that the requested information is irrelevant because she has waived her claim to past economic loss. (R. Doc. 19-12 at 5).

Contrary to Plaintiff's objections, the interrogatory is narrowly tailored to a six-month period surrounding the alleged slip-and-fall on August 5, 2016. It is neither vague nor ambiguous. Furthermore, notwithstanding Plaintiff's waiver of her claim for past economic loss, which is not reflected in the current pleadings, the information sought is relevant to Plaintiff's claims of physical and mental injuries, as it could reflect Plaintiff's physical and mental condition prior to, and subsequent to, the alleged incident. Furthermore, the information sought is relevant to Plaintiff's claim for lost earning capacity. Finally, it appears that Plaintiff's calendar and screenshots do not meet the requirements of Rule 33(d), as Shriya has identified several dates missing from these documents. (R. Doc. 19-11 at 1).

Based on the foregoing, Shriya's Motion is **GRANTED** with respect to Interrogatory No. 1. Plaintiff must provide the information requested in Interrogatory No. 1 in a written response within **7 days** of the date of this Order.

### 2. Request for Production No. 2

Shriya's Request for Production No. 2 requests executed versions of enclosed federal and Louisiana state income tax return request forms. (R. Doc. 19-4 at 5). In her initial response, Plaintiff objected the request for production on the ground that it seeks irrelevant information and "is overly expansive, vague, and/or ambiguous," further stating that the tax forms were not

attached to the request and that she has never filed taxes in Louisiana, further requesting that Plaintiff identify a time frame for the tax authorization requested. (R. Doc. 19-9 at 5-6). In her supplemental response, Plaintiff asserts that the requested information is irrelevant because she has waived her claim to past economic loss. (R. Doc. 19-12 at 6-7).

Tax returns are highly sensitive documents and the court will only compel their production where the requesting party "demonstrates both: (1) that the tax information is 'relevant' to the subject matter of the action;[3] and (2) that there is a 'compelling need' for the information because the information contained in the tax returns is not 'otherwise readily obtainable' through alternative forms of discovery, such as depositions or sworn interrogatory answers." *Bulter v. Exxon Mobile Ref. & Supply Co.*, 2008 WL 4059867, at *2 (M.D. La. Aug. 28, 2008) (citing *National Gas Pipeline Co. of America*, 2 F.3d 1397, 1411 (5th Cir. 1993)).

With regard to Plaintiff's federal tax records, the request seeks information relevant to Plaintiff's claim for lost earning capacity. *Butler*, 2008 WL 4059867, at *2 (numerous courts have recognized "that tax return information is relevant where a plaintiff has placed the subject of his income/earning capacity at issue in litigation."). Moreover, given Plaintiff's failure to respond to the instant motion, as well as Plaintiff's refusal to provide responses to other discovery requests seeking information related to Plaintiff's income (*i.e.*, Request for Production No. 3), the Court concludes that Shriya has demonstrated a compelling need for these tax returns. That said, the request for authorization to obtain Plaintiff's federal tax records is overly broad because Shriya has not placed any time restrictions on the request. Furthermore, in light Plaintiff's representation that she has never filed taxes in Louisiana, the request for authorization to obtain Louisiana tax forms seeks irrelevant information.

---

[3] The scope of discovery is now limited to "any non-privileged matter that is relevant to any party's claims or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

7

Based on the foregoing, Shriya's Motion is **GRANTED IN PART** with respect to Request for Production No. 2. Plaintiff shall execute an authorization for the release of her federal tax forms for the years 2012, 2013, 2014, 2015, and 2016. Plaintiff must provide authorization for the release of these tax forms within **7 days** of the date of this Order.

### 3. Request for Production No. 3

Shriya's Request for Production No. 3 seeks the production of any "records of income, payment, and/or reimbursement" for Plaintiff's "employment-related engagements, performances, presentations, recitals, or events from May 7, 2016 until November 3, 2016." (R. Doc. 19-4 at 5). In her initial response, Plaintiff objected to the request for production on the ground that it seeks irrelevant information and "is overly expansive, vague, and/or ambiguous," further stating, however, that she has requested the information form her Bank and will forward the information upon its receipt. (R. Doc. 19-9 at 6). Plaintiff also asserted that her calendar produced in response to Interrogatory No. 1 contains "records of payments received for some of [the] performances during the time period requested." (R. Doc. 19-9 at 6). In her supplemental response, Plaintiff asserts that the requested information is irrelevant because she has waived her claim to past economic loss. (R. Doc. 19-12 at 7).

Contrary to Plaintiff's objections, the request for production is narrowly tailored to a six-month period surrounding the alleged slip-and-fall on August 5, 2016. It is neither vague nor ambiguous. Furthermore, notwithstanding Plaintiff's waiver of her claim for past economic loss, which is not reflected in the current pleadings, the information sought is relevant to Plaintiff's claim for lost earning capacity.

Based on the foregoing, Shriya's Motion is **GRANTED** with respect to Request for Production No. 3. Plaintiff shall produce the information requested in Request for Production No. 3 within **7 days** of the date of this Order.

### 4. Request for Production No. 4

Shriya's Request for Production No. 4 seeks the production of motor vehicle registration documents for any vehicles and other movable property owned, rented, or leased by Plaintiff since August 5, 2011. (R. Doc. 19-4 at 5). Plaintiff objected to this request for production on various grounds, including lack of relevance. (R. Doc. 19-9 at 7). Plaintiff did not provide a formal supplemental response, though her counsel requested clarification on the relevance of the information sought in the cover letter providing the supplemental responses. (R. Doc. 19-12 at 2). There is nothing before the Court to indicate that Shriya responded in any way to Plaintiff's reasonable request for clarification. This type of discussion is precisely what the required Rule 37 conference is intended to address. In addition, the Motion to Compel does not address the discoverability of this specific request so that the Court can engage in any meaningful review.

The Court will not require Plaintiff to respond further to this request for production. Shriya has made no showing regarding the relevance of this information to any parties' claims or defenses. To the extent Shriya is attempting to demonstrate that Plaintiff was involved in a motor vehicle accident that caused or contributed to her injuries, Shriya has made no showing that the production of motor vehicle registration documents will lead to admissible evidence. Moreover, Shriya has not demonstrated that the medical records or Plaintiff's deposition testimony indicate that Plaintiff was involved in a motor vehicle accident since August 5, 2011.

Based on the foregoing, Shriya's Motion is **DENIED** with respect to Request for Production No. 4.

### 5. Request for Production No. 6

Shriya's Request for Production No. 6 seeks the production of "advertisements or other promotional materials" for all of Plaintiff's "employment-related engagements, performances, presentations, recitals, or events from May 7, 2016 until November 3, 2016." (R. Doc. 19-4 at 6). Plaintiff objected to this interrogatory on various grounds, including lack of relevance, but produced some copies of advertisements and promotional materials. (R. Doc. 19-9 at 8). In her supplemental response, Plaintiff stated that because she waived her claim for "past economic loss," the request for production seeks irrelevant information. (R. Doc. 19-12 at 8-9).

The Court will not require Plaintiff to respond further to this request for production. Shriya has made no showing regarding the relevance of this information to any parties' claims or defenses. Furthermore, no deficiencies with regard to this request for production were raised by Shriya in its June 21, 2017 communication (R. Doc. 19-11) or July 31, 2017 communication (R. Doc. 19-13). To the extent there are relevant and discoverable documents associated with actual performances, that information and documentation will be covered by this Order under Interrogatory No. 1 and Request for Production No. 8.

Based on the foregoing, Shriya's Motion is **DENIED** with respect to Request for Production No. 6.

### 6. Request for Production No. 8

Shriya's Request for Production No. 8 seeks the production of all documents related to Plaintiff's employment-related engagements and performances identifies in response to Interrogatory No. 1, providing an "illustrative-only list" containing at over twenty examples of responsive categories and/or types of documents. (R. Doc. 19-4 at 6-7). In her initial response, Plaintiff objected to the request for production on the ground that it seeks irrelevant information

and "is overly expansive, vague, and/or ambiguous," but nevertheless directed Shriya to copies of Plaintiff's schedule, promotional materials, and certain social media posts, some of which appears to have been produced in response to Interrogatory No. 1. (R. Doc. 19-9 at 3, 10). In her supplemental response, Plaintiff asserts that the requested information is irrelevant because she has waived her claim to past economic loss. (R. Doc. 19-12 at 10).

Contrary to Plaintiff's objections, this request for production is narrowly tailored to a six-month period surrounding the alleged slip-and-fall on August 5, 2016, *i.e.*, the same time frame for which information is sought with regard to Interrogatory No. 1. It is neither vague nor ambiguous. Furthermore, notwithstanding Plaintiff's waiver of her claim for past economic loss, which is not reflected in the current pleadings, the information sought is relevant to Plaintiff's claims of physical and mental injuries, as it could reflect Plaintiff's physical and mental condition prior to, and subsequent to, the alleged incident. Furthermore, the information sought is relevant to Plaintiff's claim for lost earning capacity.

Based on the foregoing, Shriya's Motion is **GRANTED** with respect to Request for Production No. 8. Plaintiff shall produce the information requested in Request for Production No. 8 within **7 days** of the date of this Order.

### 7. The Withheld Authorization Forms

Finally, Shriya also seeks an order compelling Plaintiff's counsel to produce certain authorization forms signed by Plaintiff and the non-party Bruce Moses.

It appears that Shriya is seeking an order compelling Plaintiff to produce, in addition to the federal income tax return request form discussed above, an executed form to obtain her Social Security records. As Shriya has not directed the Court to any formal discovery request seeking such authorization, any relief sought regarding the form is **DENIED**.

Similarly, Shriya seeks an order compelling Plaintiff's counsel to produce certain forms executed by the non-party Bruce Moses. Regardless of whether Plaintiff's counsel represents Plaintiff's husband, the Court will not compel a non-party to produce any documents absent a valid subpoena issued and served pursuant to Rule 45 of the Federal Rules of Civil Procedure. Accordingly, any relief sought in the instant motion with regard to discovery directed to Bruce Moses is **DENIED**.

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Shriya's Motion to Compel (R. Doc. 19) is **GRANTED IN PART and DENIED IN PART.** Plaintiff shall supplement her responses to Interrogatory No. 1 and Request for Production Nos. 2, 3, and 8 as detailed above within **7 days** of the date of this Order. The parties shall bear their own costs.

Signed in Baton Rouge, Louisiana, on September 12, 2017.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**